# McCalmont's Estate.

*Practice—Executors and trustees—Removal—Survival of actions—Act of May 1, 1861, P. L. 680—Act of February 24, 1834, Secs. 26, 27, P. L. 70.*

1. Proceedings for the removal of an executor and trustee under the Act of May 1, 1861, P. L. 680, are directed against the delinquent personally and do not survive his death.

2. The Act of February 24, 1834, Sections 26 and 27, P. L. 70, providing that the executors or administrators of any person, who at the time of his decease was a party plaintiff, petitioner, or defendant in any action or legal proceeding pending in any court of this Commonwealth shall have power, if the cause of action does by law survive, to become a party thereto and may be required to become a party, does not apply to proceedings under the Act of May 1, 1861, P. L. 680, and where such proceedings under the latter act against an executor are still pending at the time of his death, the court does not err in dismissing a petition subsequently filed praying that the executrix of such deceased executor be made a party thereto and file an account.

3. In such case the plaintiff's remedy is by surcharging the delinquent executor in an account filed by his personal representative, as if he had filed the account himself, and by obtaining a decree for the assets found to be in the executor's hands.

Argued Oct. 11, 1913. Appeal, No. 178, Oct. T., 1913, by David B. McCalmont, Harriette McCalmont Stone and Constance McCalmont Humphrey, from decree of O. C. Venango Co., Aug. T., 1912, No. 18, dismissing petition for removal of executor of Estate of S. P. McCalmont, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Petition for the removal of executor. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the petition. Petitioners appealed.

*Error assigned* was in refusing to require the executrix of James Donald McCalmont, deceased, to become a party to the proceeding.

*Gervaise G. Martin,* with him *William M. Parker, Judson D. Trax* and *Clan Crawford,* for appellants.

*James S. Carmichael, Edmond C. Breene* and *William J. Breene,* for appellee, were not heard.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

S. P. McCalmont, of Franklin, Venango County, died July 13, 1904, testate and appointed his wife, Harriet O. McCalmont, and his two sons, James Donald McCalmont and David B. McCalmont, his executors and trustees. They entered upon their duties and took possession of the property of the decedent. On July 31, 1912, David B. McCalmont and his two sisters, beneficiaries under the will of S. P. McCalmont, deceased, presented a petition to the court below alleging misconduct, mismanagement and waste on the part of James Donald McCalmont as one of the executors and trustees under the will of his father. The petition prayed (1) for the removal of James Donald McCalmont as execu-

tor and trustee, (2) that he be required forthwith to deliver to his coexecutors and trustees all moneys, securities, papers and property in his possession belonging to the estate, to convey or reconvey to the remaining trustees all securities and property belonging to the estate standing in his name as executor or trustee, and to exhibit and file an account as executor and trustee of the decedent. The petition, as amended, was answered by James Donald McCalmont denying the misconduct, mismanagement and waste alleged therein. Before the final hearing or action on the petition McCalmont died and his death was suggested on the record by the petitioners. Shortly thereafter another petition was presented to the court by the same parties setting forth the above facts and that letters testamentary had been issued to Eleuthera McCalmont as executrix of James Donald McCalmont and praying that a scire facias be issued to said executrix requiring her to become a party to the former action or proceeding for the removal of her decedent as executor and trustee of his father's estate. A rule was granted on the executrix to show cause why the scire facias should not be issued to which she appeared and answered that the court had no jurisdiction to make the order therein prayed for, and moved that the same be quashed. The court entered a decree discharging the rule and from that decree this appeal was taken.

The original proceeding was instituted under the Act of May 1, 1861, P. L. 680, 1 Purd. 1141, which provides a remedy by removal in cases of waste and mismanagement of estates by a personal representative or trustee and for the vacation of letters testamentary or of administration and the payment and delivery to the successor in the trust of the property, money and effects belonging to the estate. The petition for the scire facias is based on the 26th and 27th sections of the Act of February 24, 1834, P. L. 70, 1 Purd. 1110, which provide that the executors or administrators of any person

who at the time of his decease was a party plaintiff, petitioner or defendant in any action or legal proceeding pending in any court of this Commonwealth shall have power, if the cause of action does by law survive, to become a party thereto and may be required to become a party. The appellants complain that the court erred in not requiring the executrix of James Donald McCalmont to become a party, under these sections of the Act of 1834, to the proceeding instituted for the removal of her decedent as an executor and trustee.

The appellants contend that the proceeding for the removal of James Donald McCalmont survived his natural death and that, therefore, his executrix could be compelled to become a party to that proceeding so that the petitioners could obtain a decree requiring an account and a delivery of the estate in the hands of James Donald McCalmont to the surviving trustees.

The original proceeding was, as has been noted, taken under the Act of 1861, and we find no authority whatever in that statute, or in any other statute, authorizing the substitution of the personal representative for the decedent in such a proceeding. Without such authority, the court could not make the substitution. The proceeding, as required by the act, was directed against the delinquent executor personally. The primary purpose was his removal from the office of executor and trustee. The account was a secondary consideration and was only required by the provisions of the act if the executor was removed from his office. The court was not authorized under the statute to compel an accounting unless it directed that the executor be removed. It is apparent, therefore, that when James Donald McCalmont died, pending the proceeding against him, such proceeding died with him, and did not survive, to be continued against his executrix. Death had answered the prayer of the appellants' petition and removed McCalmont from his executorship. As the court did not remove him, it could not require

him to file an account or transfer the property to his coexecutors or trustees. It was powerless to deal with him further, and the statute made no provision for the continuance of the proceeding against his executrix.

The appellants have a complete and adequate statutory remedy against James Donald McCalmont's executrix to recover the assets of his father's estate which he took possession of during his executorship. Those assets are presumed to have passed into the hands of McCalmont's executrix when he died and the court has ample authority under the statute to compel an accounting by the personal representative of the deceased executor. The statute provides a remedy and it must be pursued. The appellants will have the same opportunity for surcharging the delinquent executor in an account filed by his personal representative as if he had filed the account himself, and for obtaining a decree for the assets found to be in the executor's hands. There is, therefore, no reason why the proceeding against the delinquent executor should survive and his executrix become a party thereto. On the other hand, there is no provision in the statute under which the proceeding was begun against the executor or in any other statute which empowers the Orphans' Court to continue the proceeding against the executrix of the delinquent executor. The court can exercise only the powers conferred by the statute.

The decree is affirmed.